UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| 1ST SOURCE BANK, | ) |
| | ) |
| Plaintiff/Counter-defendant, | ) |
| | ) |
| v. | ) Case No. 3:15-CV-261-JD |
| | ) |
| JOAQUIM SALLES LEITE NETO, *et al.*, | ) |
| | ) |
| Defendants/Counter-plaintiffs. | ) |

## **OPINION AND ORDER**

Now before the Court is Plaintiff 1st Source Bank's ("1st Source") Motion For Attorneys' Fees, Costs, and Expenses [DE 112] in response to the Court's granting summary judgment [DE 110] on its claim for breach of contract against Defendants Joaquim Salles Leite Neto ("Neto") and Wells Fargo Bank Northwest, National Association, in its capacity as Owner Trustee ("Wells Fargo") (collectively, "Defendants"). For the reasons that follow, the Court finds that the attorney fees and costs sought by 1st Source in the amount of $149,784.43 are reasonable and allowable, and that the principal, interest, late fees, and charges of $2,537,362.52 (plus interest accruing until the entry of final judgment) are consistent with the terms of the documents executed and breached by Defendants.

### I. Background

In granting 1st Source's motion for summary judgment on January 25, 2018 [DE 110 (as incorporated herein)], the Court found that Wells Fargo admittedly executed and defaulted under the terms of the Note [DE 79-7] and the Loan & Security Agreement [DE 79-8] which 1st Source was entitled to enforce. The Court also determined that Neto had admittedly signed a personal Guarantee for that loan which unconditionally guaranteed to 1st Source his payment of

the Note in full when due [DE 79-9]. Despite this personal liability, Neto did not pay the obligations owed to 1st Source. Given the breach, the Court held that 1st Source was entitled to receive the total amount of principal, interest, late fees, and other charges, pursuant to the terms of the documents.[1] Moreover, the Court concluded that 1st Source was entitled to an award of attorney fees, expenses, and costs incurred in this litigation, consistent with section 1 of the Note, section 5(b) of the Loan & Security Agreement, and section 2 of the Guarantee [DE 79-9]. As a result, the Court provided 1st Source an opportunity to establish the amount of fees and expenses owed.

In support of an award for such damages, 1st Source has filed (1) the affidavit of Alice J. Springer (a named partner of the law firm Barnes & Thornburg LLP, who has represented 1st Source throughout this matter), which explains the type of legal work performed and the education/experience of those performing it [DE 112-1 at 1-7]; (2) Exhibits A and B to Ms. Springer's affidavit, which consist of itemized fees and expenses, accompanied by descriptions of the work performed/expenses incurred, identification of the billing personnel, and disclosure of the time billed/amounts charged [DE 112-1 at 8-69]; and (3) an affidavit of Richard Rozenboom (1st Source's Vice President and Senior Work-Out Officer, who has personal knowledge of the amounts owed under the loan documents as of February 20, 2018) [DE 112-2]. Defendants have not filed any response to the motion.

---

[1] The Court determined that as of January 26, 2017, the total amount of principal, interest, late fees, and other charges due was $2,306,807.20, with interest continuing to accrue at $529.32 per day. 1st Source has provided undisputed updated figures and supporting documentation reflecting that as of February 20, 2018, the following amounts are due (exclusive of attorney fees): Principal: $2,057,600.52; Interest: $431,985.28; Late Fees: $37,127.28; and Non-Legal Expenses: $10,649.44; with interest continuing to accrue at a per diem rate of $575.25 until final judgment is entered [DE 112 at 4-6; DE 112-2].

## II. Discussion

It is uncontested that Indiana law provides the basis for deciding whether fees can be awarded in a breach of contract action. Indiana adheres to the American rule, under which, in the absence of a statutory provision or an agreement providing for fees, each party is required to pay its own attorney fees. *See Osler Inst., Inc. v. Forde*, 386 F.3d 816, 818 (7th Cir. 2004) (citing *Willie's Construction Co. v. Baker*, 596 N.E.2d 958 (Ind. Ct. App. 1992)); *see also Reuille v. E.E. Brandenberger Const., Inc.*, 888 N.E.2d 770, 771 (Ind. 2008) ("Parties to litigation generally pay their own attorney fees, but may certainly agree by contract to do otherwise.") (citation omitted). However, when a contract exists allowing for the recovery of attorney fees, the provision will be enforced according to its terms unless it violates public policy. *Id.* (citing *Harrison v. Thomas*, 761 N.E.2d 816 (Ind. 2002)). The overriding concern in determining whether a fee-shifting provision should be upheld is whether enforcement makes the prevailing party whole. *Walton v. Claybridge Homeowners Ass'n, Inc.*, 825 N.E.2d 818, 825 (Ind. Ct. App. 2005).

In this case, the Note is subject to the terms of the Loan & Security Agreement [DE 79-7 at 1]; which, in turn, states:

> Customer also shall pay to Bank . . . any fees, costs, expenses, penalties, or interest incurred by Bank in connection with this Agreement, any Note or any of the Collateral, including without limitation, fees, costs, or expense of . . . and (vi) all attorneys' and other professionals retained by Bank in connection with any of the foregoing, or any exercise of other remedies upon occurrence of default . . . .

[DE 79-8 at 2].

The Guarantee also states that Neto unconditionally guarantees:

> the payment in full when due . . . of all amounts payable by the Borrower to the Lender, including, but not limited to, any and all reasonable counsel fees and other expenses . . . under the Loan Agreement and the other operative documents.

[DE 79-9 at 3].

Defendants have not asserted that the fees and expenses incurred by 1st Source, as detailed in Ms. Springer's affidavit and the itemized bills, are not allowable under the terms of the loan documents and Guarantee. The fee-shifting provisions are broad and encompass the time and expenses related to litigating this case and enforcing 1st Source's rights under the terms of the contracts executed by Defendants. Thus, in order to make 1st Source whole, its fees and expenses incurred in connection with the breached contracts ought to be reimbursed by Defendants.

However, as the fee applicant, 1st Source bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavit[]—that the requested rates are in line with those prevailing in the community." *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 640 (7th Cir. 2011) (citations omitted) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). If the fee applicant satisfies this burden, the burden shifts to the other party to offer evidence that sets forth "a good reason why a lower rate is essential." *Id.* (citations omitted). However, if the fee applicant does not satisfy its burden, the district court has the authority to make its own determination of a reasonable rate. *Id.* (citing *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999)). To then calculate reasonable fees, courts use the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *see also Hall v. Forest River, Inc.*, No. 3:04-CV-259-RLM, 2008 WL 1774216, at *1 (N.D. Ind. Apr. 15, 2008); *Barker v. City of W. Lafayette*, 878 N.E.2d 230, 232-33 (Ind. Ct. App. 2007). There is a strong presumption that the lodestar calculation yields a reasonable attorney fee award. *Pickett*, 664 F.3d at 639. The fee applicant must also document its hours and hourly rates. *Hensley*, 461 U.S. at 437. Counsel is,

"not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his expenditures." *Id*. at 437, n.12.

In the supporting affidavit and itemized accounting of fees [DE 112-1], counsel has indicated that two partners primarily litigated this case, while an additional two attorneys assisted with specific tasks. All four attorneys billed at a flat rate of $350.00 per hour. Because 1st Source applied a portion of the insurance proceeds to legal fees incurred before November 30, 2015, counsel seek only to recover fees incurred after December 1, 2015. Those attorney fees total $145,145.00, or approximately 415 billable hours. In addition, 1st Source incurred $4,639.43 in other litigation costs, as identified in Ms. Springer's affidavit [DE 112-1 at 6].

The best evidence of an attorney's market rate is his or her actual billing rate for similar work. *Pickett*, 664 F.3d at 639–40. Here, counsel confirms that the rates billed were the attorneys' standard hourly rates for the services which were provided. In addition, 1st Source paid the invoices submitted by Barnes & Thornburg LLP, which is further evidence of the reasonableness of the fee request. *See Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (holding "one of the best indicators of commercial reasonableness is a willingness to pay the fees without guaranteed reimbursement.") (citing *Matthews v. Wis. Energy Corp.*, 642 F.3d 565, 573 (7th Cir. 2011)). Moreover, Defendants have not suggested that the hourly rate, the number of hours billed, or the nature of the charges are unreasonable. Nor have Defendants contested the manner in which the fees and expenses were calculated. And a challenger's failure to present any evidence challenging the fee applicant's request "is essentially a concession that the attorney's billing rate is reasonable and should be awarded." *People Who Care v. Rockford Board of Education, School District 205*, 90 F.3d 1307, 1313 (7th Cir. 1996). Accordingly, the Court finds that 1st Source has met its burden in proving that its rates and the amount of hours billed are

reasonable for the services rendered in successfully litigating this contested action (complicated by the collateral's being confiscated by Brazilian authorities) and securing a judgment of over two and a half million dollars.

### III. Conclusion

For the reasons stated, the Court GRANTS 1st Source's uncontested Motion For Attorneys' Fees, Costs, and Expenses [DE 112]. This Court enters a final judgment in favor of 1st Source Bank and against Defendants in the updated amount of $2,537,362.52 (plus interest at a per diem rate of $575.25 from February 21, 2018 to the date of judgment), plus attorney fees, costs, and expenses in the amount of $149,784.43.

SO ORDERED.

ENTERED: June 13, 2018

                                        /s/ JON E. DEGUILIO  
                                        Judge  
                                        United States District Court